DOC NO
REC'D/FILED
2018 OCT 10 PM 2:57
PETER OPPENEER
CLERK US DIST COURT
WD OF WI

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA | INDICTMENT |
| v. | Case No. 18-CR-136-WMC |
| LLOYD ROBL,<br>aka Lloyd Schmotter | 18 U.S.C. § 1343<br>42 U.S.C. § 7413(c)(5)<br>15 U.S.C. § 2615(b)<br>18 U.S.C. § 1512(c)(1) |
| Defendant. | |

THE GRAND JURY CHARGES:

## COUNTS 1-14

1. At times material to this indictment:

### Factual Background

a. Defendant LLOYD ROBL, aka Lloyd Schmotter (ROBL) worked as a self-employed asbestos abatement contractor in Minnesota and Wisconsin. ROBL performed asbestos removal and disposal services for residential and commercial clients. These services included: (1) boiler and furnace removal; (2) removing asbestos insulation around pipes; (3) removing asbestos flooring, tiles, and mastic; (4) removing asbestos ceiling tiles; and (5) removing asbestos insulation and contaminated wallboard.

b. ROBL operated his asbestos abatement business under the name AAS Incorporated (AAS), and ran it from his home in New Richmond, Wisconsin. From 2011 to 2013, ROBL operated AAS from 1947 6th Street West, New Richmond, WI. From 2014 to 2016, ROBL operated AAS from 1930 Hwy 64, New Richmond, WI. ROBL

kept asbestos abatement equipment for AAS at his home, including tools, trucks, SUVs, trailers, rolls of plastic sheeting, containment suits, and respirators.

c. ROBL used a computer at his home to generate and maintain business records for AAS, including job estimates, job invoices, client correspondence, and billing receipts. ROBL also used QuickBooks software to manage his accounting records for AAS. ROBL used his computer to communicate with business clients via email, using aabatement@hotmail.com, or aas.inc@live.com. The Internet Service Provider for these two email accounts was Microsoft, whose servers were located outside of Wisconsin. ROBL also communicated with his business clients by phone, text, fax, and U.S. Mail.

d. ROBL maintained bank accounts in New Richmond, Wisconsin for AAS at Bremer Bank, TCF Bank, and US Bank. ROBL deposited and cashed customer checks at these banks, all of which use the Federal Reserve to help facilitate banking transactions between member banks. All checks presented for payment in Wisconsin at these banks were scanned and wired to the Federal Reserve Bank in Atlanta, Georgia and then sent to the issuing bank for payment.

e. ROBL advertised AAS's asbestos abatement services on the Internet, including the Yellow Pages, Craigslist and DexOne websites. The email servers for Craigslist were located in California and Virginia.

f. ROBL obtained asbestos abatement certification and a license from the Minnesota Department of Health (MDH) in 1993. In July 2001, ROBL's asbestos abatement license was revoked. On January 9, 2004, the Ramsey County District Court issued a permanent injunction against ROBL banning him from doing asbestos-related

work without a certificate or license issued by MDH. The court also permanently enjoined ROBL from representing to consumers that he was certified or licensed by MDH to perform asbestos-related work, and from representing to customers that he was approved by the Environmental Protection Agency, Minnesota Pollution Control Agency, or the MDH to perform asbestos-related work. ROBL was never licensed by the State of Wisconsin to do asbestos abatement in Wisconsin.

Legal Background

Clean Air Act and Asbestos Regulations

      g.    The Clean Air Act (CAA), 42 U.S.C. §§ 7401-7671(q), is the federal law enacted by Congress to protect and enhance the quality of the nation's air resources so as to promote the public health and welfare.

      h.    Congress established in the CAA a list of hazardous air pollutants, which includes asbestos. 42 U.S.C. § 7412(a)(6), (b); 40 C.F.R. § 61.01(a). Asbestos is a heat-resistant mineral fiber, which has been used in insulation and fire-retardant products.

      i.    Congress has found that exposure to asbestos fibers has been identified by reputable medical and scientific evidence as significantly increasing the incidence of cancer and other severe or fatal diseases such as mesothelioma, asbestosis, and lung cancer. 20 U.S.C. § 3601(a)(1). Congress has further found that medical science has not established any minimum level of exposure to asbestos fibers which is considered safe to individuals exposed to the fibers. 20 U.S.C. § 3601(a)(3).

Toxic Substances Control Act

j.  The Toxic Substances Control Act (TSCA), 15 U.S.C. §§ 2601 - 2653, provides, in part, that a person may not design or conduct response actions with respect to friable asbestos-containing material in a public or commercial building, unless such person is accredited to do such work. 15 U.S.C. § 2646(a).

k.  The State of Minnesota has an EPA-approved asbestos contractor accreditation program administered by the Minnesota Department of Health, which, among other things, issues permits to asbestos training providers and issues asbestos contractor certifications to workers in Minnesota. 326 Minn. Stat. 326.72-326.73; Minn. Reg. 4620.3702-4620.3722. Under the Minnesota regulations, only workers with current certificate issued by the commissioner can perform asbestos-related work.

l.  The term "response action," means methods that protect human health and the environment from asbestos-containing material. Such methods includes removal, encapsulation, enclosure, repair and operation, and maintenance that protect human health and the environment from friable asbestos-containing material. 15 U.S.C. § 2642(11).

m.  The term "public and commercial building," means any building, except for schools, single family homes, or a residential apartment building of fewer than 10 units. 15 U.S.C. § 2642(10).

n.  The term "friable asbestos containing material," means any asbestos-containing material applied on ceilings, walls, structural members, piping, duct work, or any other part of a building which when dry may be crumbled, pulverized, or reduced to powder by hand pressure. 15 U.S.C. § 2642(6).

4

Scheme

2.      During the period beginning in or about 2011 and continuing to in or about 2016, in the Western District of Wisconsin and elsewhere, the defendant,

LLOYD ROBL, aka Lloyd Schmotter,

knowingly, and with the intent to defraud, devised and participated in a scheme to defraud AAS asbestos abatement customers, and to obtain money and property from these customers, by means of materially false and fraudulent pretenses, representations, promises, and by concealment of material facts.

3.      It was part of the scheme to defraud that defendant ROBL falsely advertised on Craigslist and DexOne that he was licensed to do asbestos abatement (dba as AAS) in Minnesota and Wisconsin. He also falsely advertised on Craigslist and DexOne that he had insurance for his asbestos abatement activities.

4.      It was further part of the scheme to defraud that defendant ROBL lied to various AAS clients by telling them he was licensed by the State of Minnesota to do asbestos abatements. ROBL failed to tell clients his license had been revoked in July 2001 and he was permanently enjoined by the State of Minnesota from providing asbestos abatement services without a license. He also failed to tell these clients he did not possess an abatement license in Wisconsin that allowed him to dispose of the asbestos waste at his home in Wisconsin.

5.      It was further part of the scheme to defraud that ROBL provided falsified documents to various AAS clients, including: (1) falsified insurance policy documents; (2) falsified Minnesota asbestos abatement licenses for ROBL and AAS; (3) falsified air sampling results; and (4) falsified asbestos waste manifests. These documents were

5

falsified to make them appear as if they were current and valid, when in fact, they were not.

6. It was further part of the scheme to defraud that defendant ROBL lied to various AAS clients by providing them with estimates and invoices stating that he would properly dispose of the asbestos waste. Instead, defendant ROBL improperly disposed of asbestos waste by: (1) burning the materials in burn piles or in 55-gallon drums at his home; (2) dumping asbestos-laden materials at various remote locations in St. Croix County, Wisconsin; and (3) spreading the ashes collected in the 55-gallon burn barrels along the tree line and in the farm field behind his home, as well as in other remote locations in St. Croix County, Wisconsin.

7. It was further part of the scheme to defraud that defendant ROBL lied to various AAS clients by not providing them with proper asbestos removal services, despite his oral representations and written estimates saying he would follow all state and federal laws. ROBL failed to follow the legally proper procedures for safely removing and disposing of asbestos, including: (1) failing to possess a valid asbestos abatement license; (2) using workers who were not certified to perform asbestos abatements; (3) failing to use a negative air enclosure area and containment system when required; (4) failing to take air monitoring samples before, during and after the removal when required; (5) failing to wet the asbestos material and debris during the removal process; and (6) failing to double bag and label the asbestos waste.

## Wires

8. On or about the dates listed below, in the Western District of Wisconsin and elsewhere, the defendant,

6

LLOYD ROBL, aka Lloyd Schmotter,

for the purpose of executing this scheme, knowingly caused to be transmitted, by means of wire communication in interstate commerce, the signals and writings described below for each count:

| COUNT | DATE | NATURE OF WIRE COMMUNICATION |
| --- | --- | --- |
| 1 | 12-27-13 | Check #7504 dated 12-23-13 for $3,500 from S.L. payable to AAS deposited into ROBL's bank account #XXX-198 at Bremer Bank in New Richmond, WI via electronic clearing through the Federal Reserve Bank in Atlanta, GA. |
| 2 | 3-28-14 at 1:31 p.m. | Email from ROBL using aas.inc@live.com to G. Construction Inc. in Minnesota with attached AAS invoice #1972 dated 3-27-14 for $3,714. |
| 3 | 4-23-14 at 4:01 p.m. | Email from ROBL using aas.inc@live.com to G. Construction Inc in Minnesota with attached pictures of debris on a trailer and on a burn pile. |
| 4 | 4-23-14 at 4:22 p.m. and 4:23 p.m. | 2 emails from ROBL using aas.inc@live.com to B-T in Minnesota with attached AAS invoice #1975 dated 4-23-14 for $3,080 for 694 Grand Ave, and attached AAS invoice #1976 dated 4-23-14 for $2,130 for 635 Ashland St. |
| 5 | 7-22-14 | Check #7300 dated 7-7-14 for $2,000 from R.K. payable to AAS deposited into ROBL's bank account #XXX-198 at Bremer Bank in New Richmond, WI via electronic clearing through the Federal Reserve Bank in Atlanta, GA. |
| 6 | 10-8-14 | Check #1447 dated 9-30-14 for $1,250 from E.A. Heating Cooling payable to ROBL deposited into ROBL's bank account #XXX-198 at Bremer Bank in New Richmond, WI via electronic clearing through the Federal Reserve Bank in Atlanta, GA. |

7

| COUNT | DATE | NATURE OF WIRE COMMUNICATION |
|---|---|---|
| 7 | 4-1-15 | Check #3089 dated 2-17-15 for $400 from S.L. payable to ROBL deposited into ROBL's bank account #XXX-198 at Bremer Bank in New Richmond, WI via electronic clearing through the Federal Reserve Bank in Atlanta, GA. |
| 8 | 4-1-15 | Check #13717 dated 2-23-15 for $1,250 from P. Heating & Air Conditioning payable to AAS deposited into ROBL's bank account #XXX-198 at Bremer Bank in New Richmond, WI via electronic clearing through the Federal Reserve Bank in Atlanta, GA. |
| 9 | 4-20-15 | Check #6544 dated 4-20-15 for $2,300 from P.R.E. payable to AAS deposited into ROBL's bank account #XXX-198 at Bremer Bank in New Richmond, WI via electronic clearing through the Federal Reserve Bank in Atlanta, GA. |
| 10 | 6-25-15 at 8:50 a.m. | Email from ROBL using aas.inc@live.com to L.I.C. in Minnesota with attached AAS estimate #2012 dated 6-23-15 for $8,850. |
| 11 | 6-25-15 at 1:27 p.m. | Email from I.G. in Minnesota to ROBL at aas.inc@live.com with revised AAS estimate #2012. |
| 12 | 8-4-15 | Check #6656 dated 7-31-15 for $1,000 from P.R.E. payable to AAS deposited into ROBL's bank account #XXX-198 at Bremer Bank in New Richmond, WI via electronic clearing through the Federal Reserve Bank in Atlanta, GA. |
| 13 | 9-11-15 at 8:18 a.m. | Email from ROBL using aas.inc@live.com to S.J. Church in Minnesota with attached AAS estimate #2019 dated 9-8-15 for $10,852.50. |
| 14 | 4-17-16 at 12:59 p.m. | Text messages from ROBL in New Richmond, WI using 651-248-xxxx to P.H. in Minnesota using 612-770-xxxx that included pictures of falsified documents sent to P.H. |

(All in violation of Title 18, United States Code, Section 1343).

COUNT 15

1. Paragraph 1 of Count 1 is incorporated here.

2. From on or about October 10, 2013 to on or about September 6, 2016, in the Western District and elsewhere, the defendant,

LLOYD ROBL, aka Lloyd Schmotter,

knowingly released into the ambient air a hazardous air pollutant, namely asbestos-containing material, and knew at the time of the release he placed another person in imminent danger of death and serious bodily injury by burning asbestos-containing material in burn piles and in 55-gallon burn barrels at his home at 1930 Highway 64, New Richmond, Wisconsin, and spreading the ashes from these fires along his property line and the adjacent farm field.

(In violation of Title 42, United States Code, Section 7413(c)(5)).

COUNT 16

1. Paragraph 1 of Count 1 is incorporated here.

2. In or about July 2014, in the Western District of Wisconsin and elsewhere, the defendant,

LLOYD ROBL, aka Lloyd Schmotter,

knowingly and willfully conducted a response action with respect to a friable asbestos-containing material in a public and commercial building without the proper accreditation by a State under the Toxic Substances Control Act, namely: ROBL and an AAS employee removed pipe insulation containing asbestos from the basement of an 18-unit apartment complex located at 535 Asbury Street, St. Paul, Minnesota, without either of them possessing a current certification from the State of Minnesota to conduct

such an asbestos response action, and then transported the asbestos-containing material from the job site to ROBL's home at 1930 Highway 64, New Richmond, Wisconsin, where ROBL burned it without a State of Wisconsin asbestos abatement license.

(In violation of Title 15 United States Code, Section 2615(b)).

### COUNT 17

1. Paragraph 1 of Count 1 is incorporated here.

2. From on or about September 9, 2016 to on about October 27, 2016, in the Western District of Wisconsin, the defendant,

LLOYD ROBL, aka Lloyd Schmotter,

knowingly and corruptly concealed and attempted to conceal documents, namely AAS business records with the intent to impair the availability of these documents for use in an official proceeding, namely, the federal grand jury investigation of Lloyd Robl dba AAS, Inc.

(In violation of Title 18, United States Code, Section 1512(c)(1)).

A TRUE BILL

*[signature]*
PRESIDING JUROR

Indictment returned: 10/10/18

*[signature]*
SCOTT C. BLADER
United States Attorney

10